# IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROBERT D. LAWSON, JR.,　　　§
　　　　　　　　　　　　　　　§　　No. 604, 2014
　　Defendant Below,　　　　 §
　　Appellant,　　　　　　　 §
　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　§　　Court Below – Superior Court
　　v.　　　　　　　　　　　 §　　of the State of Delaware, in
　　　　　　　　　　　　　　　§　　and for Sussex County
STATE OF DELAWARE,　　　　 §
　　　　　　　　　　　　　　　§　　Cr. ID No. 1403008641
　　　　　　　　　　　　　　　§
　　Plaintiff Below,　　　　 §
　　Appellee.　　　　　　　　§

Submitted: November 18, 2015
Decided: November 19, 2015

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 19th day of November 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)　The appellant, Robert Lawson, appeals his August 2014 conviction in the Superior Court for criminal trespass third degree, aggravated menacing, possession of a firearm during the commission of a felony, criminal mischief, attempted theft, tampering with physical evidence, second degree conspiracy, two counts of second degree reckless endangering, and three counts of endangering the welfare of a child.  The charges arose out of an incident where Lawson threatened

the family of Lawson's daughter's ex-boyfriend, Matthew Joseph, and damaged their home.

(2)  Lawson claims on appeal that the trial judge improperly interrupted Lawson's counsel during his closing arguments, when defense counsel told the jury that each juror could apply an individualized "beyond a reasonable doubt standard," and a "higher burden and a higher standard."[1]  The trial judge interrupted defense counsel and referred the jurors to the court's instructions instead of counsel's argument on the meaning of reasonable doubt.[2]  Lawson argues that the interruption during closing was improper and caused prejudice to the defense, denying Lawson his constitutional right to a fair trial.

---

[1] Defense counsel argued:
> Now, as jurors, you have rights.  And one of those rights is your standard of beyond a reasonable doubt.  You have taken an oath to stand together as a member of the community to decide this case.  And if your definition of "reasonable doubt" is different than some of your other fellow jurors and you have a higher burden and a higher standard, it is your obligation as a juror to the State, to the constitution and to Mr. Lawson to stand firm and hold to your convictions and say, You know what?  That standard for you may be enough; the evidence the State's presented may be enough; but for me, it just doesn't cut it.
> App. to Opening Br. at 26-27 (Trial Tr. Aug. 14, 2014).

[2] The trial judge stated:
> The standard is as I have instructed them.  It is not an individual standard of the jurors.  They are to follow the law as instructed by the Court.  The standard is beyond a reasonable doubt.  They must be firmly convinced.  It is no higher standard than that.  That is the standard.  I'm sorry to interrupt you.  But that is a misstatement of the law.
> *Id.*

(3)     Ordinarily, when the court finds it necessary to reprimand counsel, the reprimand should be done outside the jury's presence.[3]  In this case, however, the trial judge was justifiably concerned that defense counsel's argument was confusing and contradicted the jury instructions.  The trial judge interrupted defense counsel a single time to refer the jury to the definition of "reasonable doubt" in the instructions.[4]  The court did so respectfully and in a limited manner.[5]  We therefore find no violation of Lawson's right to a fair trial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  Lawson's motion for oral argument is denied.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[3] *Keyser v. State*, 893 A.2d 956, 963 (Del. 2006).
[4] *See Brown v. State*, 49 A.3d 1158, 1161 (Del. 2012) (trial judge properly interrupted defense counsel during closing when reading a potentially misleading dictionary definition inconsistent with the jury instructions).
[5] *See Keyser*, 893 A.2d at 961-63 (trial judge had an "apparent antipathy to defense counsel" which he manifested by making sarcastic and demeaning comments and reprimands throughout the trial).